# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON

### EDDIE WILLIAMS, JR., PRO SE v. DAVID MILLS, WARDEN

**Appeal from the  Circuit Court for Lauderdale County**
**No. 5807    Joe H. Walker, III, Judge**

---

**No. W2004-00056-CCA-R3-HC  - Filed May 21, 2004**

---

This matter is before the Court upon the State's motion to affirm the judgment of the trial court by order pursuant to Rule 20, Rules of the Court of Criminal Appeals.  The Petitioner appeals the trial court's denial of habeas corpus relief.  The Petitioner fails to assert a cognizable ground for habeas corpus relief.  Accordingly, the State's motion is granted and the judgment of the trial court is affirmed.

### Tenn. R. App. P. 3; Judgment of the Trial Court Affirmed

JOHN EVERETT WILLIAMS, J., delivered the opinion of the court, in which DAVID G. HAYES and ALAN E. GLENN, JJ., joined.

Eddie Williams, Jr., pro se.

Paul G. Summers, Attorney General & Reporter; Jennifer L. Bledsoe, Assistant Attorney General, for the appellee, State of  Tennessee.

### MEMORANDUM OPINION

In 1988, Petitioner was convicted of two counts of armed robbery and was sentenced, as a range II persistent offender, to two concurrent life sentences. *See State v. Eddie Williams*, No. 20, 1988 WL 138818, * 1 (Tenn. Crim. App. at Jackson, Dec. 28, 1988), *perm. to appeal denied*, (Tenn. Apr. 3, 1989).  Petitioner subsequently filed two separate petitions seeking post-conviction relief; both of which were denied. *See Eddie Williams, Jr., v. State*, No. CCA-02C01-9501-CR-00016, 1995 WL 555047, *1 (Tenn. Crim. App. at Jackson, Sept. 20, 1995), *perm. to appeal denied,* (Tenn. Jan. 29, 1996); *Eddie Williams, Jr. v. State*, No. 02C01-9202-CR-00041, 1993 WL 209852, *1 (Tenn. Crim. App. at Jackson, Jun. 16, 1993), *perm. to app. denied,* (Tenn. Nov. 1, 1993)*.  On

1

August 29, 2003, Petitioner sought habeas corpus relief, stating that his "sentence has expired because [of the] unconstitutional sentence that relied upon convictions the petitioner's [sic] has never been convicted of that was used during sentencing. . . ." The trial court denied habeas corpus relief; this Court affirmed the lower court by memorandum opinion on January 30, 2004. *See Eddie Williams, Jr. v. David Mills*, No. W2003-02352-CCA-R3-HC, 2004 WL 22129, *1 (Tenn. Crim. App. at Jackson, Jan. 30, 2004).

On December 11, 2003, a second application for the writ of habeas corpus was filed by Petitioner in the Lauderdale County Circuit Court. As basis for the application, Petitioner avers that the indictment should be dismissed due to discrimination in the selection of the grand jury foreperson in Shelby County. By order entered December 12, 2003, the trial court dismissed the application, finding that the application failed to state a ground upon which the writ of habeas corpus could issue. The trial court further found that the application could not be treated as one for post-conviction relief, as such would be barred by the statute of limitations.

Article I, § 15 of the Tennessee Constitution guarantees the right to seek habeas corpus relief and Tenn. Code Ann. §§ 29-21-101 *et seq.* codifies the applicable procedures for seeking a writ. However, the grounds upon which our law provides relief are very narrow. *Taylor v. State*, 995 S.W.2d 78, 83 (Tenn. 1999). Habeas corpus relief is available in Tennessee only when it appears upon the face of the judgment or the record of the proceedings upon which the judgment is rendered that (1) the convicting court was without jurisdiction or authority to sentence a defendant; or (2) defendant's sentence has expired. *Archer v. State*, 851 S.W.2d 157, 164 (Tenn. 1993). Thus, the grounds upon which habeas corpus relief will be granted are very narrow. *State v. Ritchie*, 20 S.W.3d 624, 630 (Tenn. 2000). It is permissible for a trial court to summarily dismiss a petition for habeas corpus relief, without the appointment of counsel and without an evidentiary hearing, if there is nothing on the face of the judgment to indicate that the convictions addressed therein are void. *Passarella v. State*, 891 S.W.2d 619 (Tenn. Crim. App. 1994).

Upon our review of the record in this case, we conclude that the trial court properly determined that the Petitioner's claims are not cognizable in a habeas corpus proceeding. There is nothing in the record to indicate that the trial court was without jurisdiction to sentence Petitioner; nor is there anything to indicate that the Petitioner's sentences have expired. Thus, no grounds exist entitling Petitioner to habeas corpus relief. Petitioner's challenge to the selection process for the foreperson of the grand jury can only be addressed in a petition for post-conviction relief. *See State v. Roy Laverne Morris, Jr.,* No. W1999-01628-CCA-R3-CO, 1999 WL 1531760, * 2 (Tenn. Crim. App. at Jackson, Dec. 16, 1999), *perm. to appeal denied*, (Tenn. Jul. 17, 2000).

Section 40-30-105(c) (2003 Repl.), Tennessee Code Annotated, instructs trial courts to treat habeas petitions as post-conviction petitions "when the relief and procedure authorized by [the Post-Conviction Procedure Act] appear adequate and appropriate." Considering the

application as one for post-conviction relief, we conclude that such petition is barred as a petition for post-conviction relief as it was filed outside the applicable statute of limitations.

Accordingly, it is ORDERED that the State's motion is GRANTED. The judgment of the trial court is AFFIRMED in accordance with Rule 20, Rules of the Court of Criminal Appeals.

_____
**JOHN EVERETT WILLIAMS, JUDGE**